(C.D. 3939)

KEMTRON PRODUCTS CO.
P. W. BELLINGALL, INC. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 12, 1969)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Arthur H. Steinberg* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: Importations of certain armatures used in electric motors for model racing cars were classified as parts of motors under 1/40 horsepower under the provisions of item 682.55 of the Tariff Schedules of the United States and assessed with duty at the rate of 50 per centum ad valorem.

Plaintiffs claim said merchandise is a form of electromagnet and is therefore properly subject to classification under the provision for magnets contained in item 682.90, *infra*. Plaintiffs base their claim on the fact that magnets are specifically provided for and hence under General Interpretative Rule 10(ij) classification as parts is erroneous. The prescribed rate of duty for magnets, other, is 11.5 per centum ad valorem. Alternatively plaintiffs claim said merchandise to be properly dutiable at the rate of 17.5 per centum ad valorem under item 685.90 of the Tariff Schedules of the United States, as electrical apparatus for making or breaking electrical circuits. Plaintiffs do not seriously urge this position in their brief.

The pertinent portions of the statutory provisions involved read as follows:

Item 682.55 of the Tariff Schedules of the United States:

> Generators, motors, motor-generators, convert-
> ers (rotary or static), transformers, recti-
> fiers and rectifying apparatus, and induc-
> tors; all the foregoing which are electrical
> goods, and parts thereof:
>
> \* \* \* \* \* \* \*
>
> Parts of motors of under 1/40 horse-
> power _____ 50% ad val.

Item 682.90 of the Tariff Schedules of the United States:

> Magnets; chucks, clamps, vises and similar work holders, all the foregoing which are magnetic; electromagnetic clutches and couplings; electromagnetic brakes; electromagnetic lifting heads:
>
> \* \* \* \* \* \* \*
>
> Other _____ 11.5% ad val.

The record establishes without contradiction that the articles involved herein are known as armatures. The armatures when energized with electric current have the properties of an electromagnet. They are used solely as part of the motor for which they were designed and are essential for the operation of said motors.

We therefore have an article which is a part under rule 10 (ij), *supra*, of an electric motor and which would be subject to classification as such unless the article is specifically provided for in which event General Interpretative Rule 10 (ij) would preclude classification as parts.

It is axiomatic in this field of jurisprudence that the meaning of a tariff term is presumed to be the same as its common or dictionary meaning in the absence of evidence to the contrary. *August Bentkamp* v. *United States*, 40 CCPA 70, 78, C.A.D. 500 (1952). It is well settled that the common meaning of a tariff term is not a question of fact, but a question of law. *United States* v. *Shalom & Co.*, 33 CCPA 29, 35, C.A.D. 311 (1945) ; *Stephen Rug Mills* v. *United States*, 32 CCPA 110, 115, C.A.D. 293 (1944) ; *United States* v. *Florea & Co.*, 25 CCPA 292, 296, T.D. 49396 (1938). Courts may consult dictionaries and other authorities and also draw upon their own knowledge of materials within the common understanding in making their determination of common meaning. *United States* v. *C. J. Tower & Sons of Buffalo, N.Y.*, 48 CCPA 87, 89, C.A.D. 770 (1961) ; *United States* v. *Tropical Craft Corp., etc.*, 42 CCPA 223, 227, C.A.D. 598 (1955) ; *United States* v. *O. Brager-Larsen*, 36 CCPA 1, 3, C.A.D. 388 (1948) ; *Absorbo Beer Pad Co., Inc.* v. *United States*, 30 CCPA 24, 30, C.A.D. 209 (1942) ; *United States* v. *John B. Stetson Co.*, 21 CCPA 3, 9, T.D. 46319 (1933) ; *Savannah Sugar Refining Corp.* v. *United States*, 20 CCPA 272, 278, T.D. 46061 (1932) ; *United States* v. *A. Moscini*, 19 CCPA 144, 147, T.D. 45261 (1931) ; *United States* v. *Flory & Co.*, 15 Ct. Cust. Appls. 156, 159, T.D. 42219 (1927).

Webster's Third New International Dictionary (1963) defines "armatures" and "electromagnets" respectively as follows:

> a : a piece of soft iron or steel that connects the poles of a magnet or of adjacent magnets to preserve the intensity of magnetization,

produce signals (as in the telegraph), or do mechanical work by its motions to and from the magnet b : the part of dynamo-electric machine carrying the conductors whose relative movement through the magnetic field between the pole pieces causes an electric current to be induced in the conductors (as in the dynamo) or which by having a current passed through them are caused by electromagnetic induction to move through this field (as in the motor)

a core of magnetic material (as soft iron) that is surrounded wholly or in part by a coil of wire, that is magnetized when an electric current is passed through the wire, and that retains its power of attraction only while the current is flowing

While an armature in order to properly function in either a motor or generator must possess electromagnetic properties, it is apparent that neither the terms nor the articles are synonymous. The article at bar is known as, bought and sold as an armature and is solely or chiefly used as a part of an electric motor. The function of the armature in an electric motor is the generation of a magnetic field which through the interreaction of the magnetic field created by the permanent magnet causes the rotation of the motor. This function is not the same as that of an electromagnet which is used to attract or repel metallic objects such as those used for lifting material in a junk yard. We are of the opinion that only electromagnets as such were intended to be covered by item 682.55 and not specific articles of commerce having the properties of an electromagnet but having an entirely different function.

There is no question that the involved armatures do have electromagnetic properties however, for the reasons stated, *supra*, we do not believe they fall within the purview of the term "magnets" as used in item 682.55, *supra*. Nor do they fall within any of the articles providing for electromagnets contained in said item. The armatures do however fit within the provision of rule 10 (ij) since they are solely or chiefly used as parts and are not specifically provided for.

While plaintiffs do not urge their alternative claim under item 685.90, Tariff Schedules of the United States, there is considerable testimony relating to this position. It is sufficient to state at this juncture that the articles described therein are those which carry electricity and do not utilize it as does the armature. We are of the opinion that armatures are not *ejusdem generis* with any of the articles set forth in item 685.90, *supra*.

The protest is therefore overruled.

Judgment will be entered accordingly.